**PERSONALLY SERVED**

FILED
MINNEAPOLIS, MINN
2017 JUN -1 AM 9:54
CITY CLERK
DEPARTMENT

STATE OF MINNESOTA                                              DISTRICT COURT

COUNTY OF HENNEPIN                                       FOURTH JUDICIAL DISTRICT

---

Mohamed Osman,

               Plaintiff,

                                                            **Case Type: Civil**

v.

                                                          **COMPLAINT AND**

Officer Christopher Reiter,                       **JURY DEMAND**
individually and in his official
capacity as a police officer for the City of
Minneapolis Police Department,
and the City of Minneapolis,

               Defendants.

---

       Plaintiff Mohamed Osman, for his complaint against the above-named Defendants, states and alleges as follows:

       1.     This is an action for money damages for injuries sustained by Mohamed Osman, as a result of the violations by Defendants of Osman's clearly established rights under the Constitution of the United States, federal statutes, and Minnesota's common law. Mr. Osman demands that this case be tried to a jury.

## PARTIES

       2.     At all times relevant to this action, Mr. Osman was over the age of eighteen, a citizen of the United States of America, and a resident of Hennepin County Minnesota.

       3.     At all times relevant to this action, Defendant Reiter was employed by and acting, under color of law, as an officer and agent/employee of the Defendant Minneapolis Police Department and Defendant City of Minneapolis.

1

RECEIVED

JUN 01 2017

Mpls. City Attys. Office

Scanned  ☑ Input in PM # 17-10250
         ☐ Emailed to (atty init.) _____
Date: 6-2-17   Time: 3:33pm
By: ____am____

Osman Removal Exhibit 2

4. Mr. Osman sues Defendant Reiter in both his official and individual capacities.

5. At all times relevant to this action, the City of Minneapolis was and is a duly incorporated municipal corporation, and the employer and principal of the Defendant.

## JURISDICTION AND VENUE

6. This lawsuit is brought by Mr. Osman under the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§ 1983 and 1988, and Minnesota's common law, which confer upon this Court jurisdiction as to all claims.

7. This lawsuit properly lies in Hennepin County district court because all of the facts complained of arose in the City of Minneapolis, Hennepin County Minnesota.

## FACTUAL ALLEGATIONS

8. In the early morning hours of May 30, 2016, Minneapolis police officers were dispatched to investigate a domestic assault incident on the 2900 block of Chicago Avenue South.

9. Defendant Reiter was one of the officers who responded to the call.

10. When he arrived at the apartment building, Defendant Reiter encountered a woman who identified Plaintiff Osman as the suspect in the incident, and who stated that Plaintiff Osman's vehicle was parked on the east side of the building.

11. The woman showed a picture of Plaintiff Osman and provided a physical description to Defendant Reiter, who in turn aired that information to other responding officers.

12. Another squad responded that Plaintiff Osman's car had been located on the east side of the apartment building, after which Defendant Reiter ran from inside the building out to the street.

Osman Removal Exhibit 2

13. A security camera across the street captures the rest of the incident in clear detail: Plaintiff Osman can be seen on his knees next to his car, fully compliant, with police officers around him. Defendant Reiter runs out of the front door of the apartment building and around the back of Plaintiff's car. Defendant Reiter then maneuvers around the officers, who still have Plaintiff under their full control, and delivers a kick with his booted foot to Osman's face.

14. Knocked unconscious by the force of Reiter's vicious kick, Osman falls to the pavement face first, hitting his head.

15. Blood pools under Osman's head on the pavement.

16. Appreciating the gravity of Osman's injuries, officers immediately call for an ambulance.

17. EMTs rush Mr. Osman to the Hennepin County Medical Center where he is admitted and spends three days being treated for traumatic brain injuries, a broken nose, and broken teeth,

18. As a result of Defendant Reiter's outrageous conduct Mr. Osman continues to suffer from excruciating headaches, mouth pain, sensitivity to light, depression and post-traumatic stress disorder.

19. Defendant Reiter has a well-documented history of unconstitutional (and unpunished) misconduct as an officer and employee of the Minneapolis Police Department, including but not limited to an nearly identical kicking of a complaint civilian in 2014; and a violation of the Due Process clause of the United States Constitution by outrageous police conduct while investigating allegations of prostitution at a massage parlor in 2014. Defendants City of Minneapolis and the Minneapolis Police Department, as part of their policy and custom, systematically fail to investigate complaints of misconduct by its officers, fail to train officers in

the use of appropriate force in arresting suspects, fail to adequately supervise officers, and fail to discipline officers who engage in misconduct or unconstitutional acts. Defendants' policies and customs as set forth above were obviously inadequate and, to anyone paying attention, such customs and policies would inexorably be the moving force behind the excessive force deployed by Defendant Reiter on Plaintiff.

### COUNT 1 –EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff re-alleges paragraphs 1 through 19 and further states:

20. At the moment Defendant Reiter delivered his craven kick to Osman's head, Osman was completely complaint to the commands of officers. Because Osman was compliant and was not physically or verbally resisting officers, there was no legitimate law enforcement purpose for the use of any force against him. The force used against Osman was therefore excessive because it was not reasonably necessary to achieve a legitimate law enforcement purpose.

21. Defendant Reiter's illegal and unconstitutional actions were the direct and proximate cause of Osman's injuries and damages.

### COUNT 2 – *MONELL* and *CANTON* CLAIMS AGAINST THE CITY OF MINNEAPOLIS AND THE MINNEAPOLIS POLICE DEPARTMENT

Plaintiff Osman re-alleges paragraphs 1 – 21 as if fully stated herein and further states and alleges:

22. Before May 30, 2016, Defendant City of Minneapolis and the Minneapolis Police Department tolerated, permitted, failed to correct and, in many cases, exonerated a pattern or practice on the part of its officers, including Defendant Reiter, of unjustified, unreasonable, and illegal use of force. In so doing, the City of Minneapolis and its police department established

Osman Removal Exhibit 2

and maintained a custom of deliberate indifference to earlier complaints about the excessive use of force by its police officers.

23. The City of Minneapolis and its police department, with deliberate indifference to the rights of its citizens, took no steps to appropriately or adequately train, discipline, terminate the employment of, or otherwise correct the improper conduct of Defendant Reiter and other police officers who used excessive force on citizens.

24. As of May 30, 2016, Defendant City of Minneapolis and its police department knew, or should have known, that it maintained a custom and policy of allowing its police officers to continue to use excessive force when arresting persons.

25. Continuing to employ these officers, including Defendant Reiter, and/or failing to discipline them, created a much greater risk for abusive or violent behavior, and this fact was known or should have been known to the City of Minneapolis and its police department.

26. As a direct and proximate result of the aforesaid acts and omissions, systemic flaws, policies, and customs of the Defendant City of Minneapolis and its police department, including its failure to adequately train its officers, including Defendant Reiter, on the constitutional limitations on the use of force, Defendant Reiter was free to use excessive force when taking Mr. Osman into custody.

27. The customs, policies, and/or practices of the City of Minneapolis and its police department of being persistently and deliberately indifferent towards civil rights violations by its police officers, as well as the failure to train said officers, were the moving force behind the Defendant Reiter's unconstitutional use of excessive force.

Osman Removal Exhibit 2

28. As a direct and proximate result of those customs, policies, and practices, as well as the failure to train, Osman was made to suffer compensable damages arising out of Reiter's excessive force on May 30, 2016.

## COUNT 3 – BATTERY

Plaintiff re-alleges paragraphs 1 through 28 and further states:

29. Defendant Reiter committed the tort of battery by using excessive force on Plaintiff Osman, without consent or legal justification.

30. Defendant Reiter's battery was the direct and proximate cause of Osman's injuries and damages.

31. The City of Minneapolis and the Minneapolis Police Department are jointly and severally liable for the actions of its employee Defendant Reiter under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

a. awarding Plaintiff compensatory damages under Count 1 against the Defendant Reiter individually in an amount of at least $1,000,000.00;

b. awarding Plaintiff punitive damages against Defendant Reiter under Count 1, which are available for § 1983 claims against individual officers as a matter of federal law, *Smith v. Wade*, 461 U.S. 30 (1983), in an amount of at least $1,000,000.00;

c. awarding Plaintiff compensatory damages under Count 2 against the Defendant City of Minneapolis under in an amount of at least $1,000,000.00;

6

d.  awarding Plaintiff compensatory damages under Count 3 pursuant to the doctrine of agency and *respondeat superior* against both Defendants Reiter and the City of Minneapolis in an amount of at least $1,000,000.00;

e.  awarding Plaintiff all of his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. Sec. 1988; and

e.  granting such other relief as the Court may deem just and equitable. Dated:

Paul Applebaum (#223098)
1st National Bank Building W1610
Saint Paul, Minnesota 55101
651.222.2999
*paul@applebaumlawfirm.com*
*Attorney for Plaintiff*

### ACKNOWLEDGMENT REQUIRED BY MINNESOTA STATUTE SECTION 549.211

The parties represented by the undersigned hereby acknowledge that pursuant to Minn. Stat. Section 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Paul Applebaum (#223098)
1st National Bank Building W1610
Saint Paul, Minnesota 55101
651.222.2999
*paul@applebaumlawfirm.com*
*Attorney for Plaintiff*

7